IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2291-D

| | | |
|---|---|---|
| DANIEL H. KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| T. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

On May 2, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 4] and recommended that the court dismiss Daniel H. King's ("King") 28 U.S.C. § 2241 petition without prejudice. On May 26, 2017, King objected to the M&R [D.E. 7].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

As to those portions of the M&R to which King did not object, the court has reviewed the M&R and the record. There is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R to which King did not object.

King is civilly committed as a sexually dangerous person under 18 U.S.C. § 4248, and his petition objects to the legality of his commitment. King argues that Federal Bureau of Prisons ("BOP") lacked legal custody of him when the commitment proceedings began. Cf. 18 U.S.C. § 4248(a) (noting that commitment proceedings may be initiated only "[i]n relation to a person who is in the custody of the Bureau of Prisons"). In his objections, King contends: (1) "[t]he Magistrate err[ed] by confusing parole and supervised release"; (2) he was not in BOP custody when he was designated under 18 U.S.C. § 4248(a) because he was scheduled to be released on parole; (3) the Revitalization Act, which places D.C. Code Offenders in the custody of the BOP, is not retroactive and does not apply to him; and (4) the M&R's finding that King was in BOP custody completely disregards "the D.C. Superior Court codes and statutes." [D.E. 7] 1–5.

When the government initiated commitment proceedings under 18 U.S.C. § 4248, King was "a District of Columbia Code offender ("D.C. Code offender") . . . serving a term of 12 to 36 years imprisonment in the Federal Bureau of Prisons ("BOP") following his conviction for armed kidnaping in the Superior Court of the District of Columbia." King v. Ratledge, No. 5:15-HC-2183-FL, 2016 WL 7644864, at *1 (E.D.N.C. Apr. 14, 2016) (unpublished), aff'd, 669 F. App'x 99 (4th Cir. 2016) (per curiam) (unpublished). In rejecting King's argument that he was not in BOP custody, the M&R cited United States v. Savage, 737 F.3d 304, 309 (4th Cir. 2013), which held "that D.C. offenders are in the legal custody of the BOP for purposes of § 4248." See M&R at 5. The M&R also mentioned United States v. Broncheau, 645 F.3d 676, 684 (4th Cir. 2011), where the Fourth Circuit discussed section 4248 and individuals whose sentences include terms of supervised release. The M&R did not confuse parole and supervised release, and King was in the BOP's legal custody when his commitment proceedings began. See

2

Savage, 737 F.3d at 309; King, 2016 WL 7644864, at *2.

As for King's contention that the Revitalization Act does not apply to him and that he was not in the legal custody of the BOP under 18 U.S.C. § 4248 when commitment proceedings began, King made this argument to Judge Flanagan in a motion to vacate his civil commitment. See United States v. King, 5:10-HC-2009-FL [D.E. 141] 2–9. Judge Flanagan denied the motion and cited United States v. Savage, 737 F.3d 304, 309 (4th Cir. 2013). See United States v. King, 5:10-HC-2009-FL [D.E. 149]. King appealed, and the Fourth Circuit affirmed the judgment. See United States v. King, 692 F.App'x 742 (4th Cir. 2017) (per curiam) (unpublished). Thus, the court rejects King's argument that the Revitalization Act does not apply to him and his argument that he was not in the legal custody of the BOP when the United States began commitment proceedings under 18 U.S.C. § 4248. See id.; Savage, 737 F.3d at 309; United States v. Johnson, No. 5:09-HC-2045-BO, 2011 WL 2118108, at *3–4 (E.D.N.C. May 27, 2011) (unpublished); M&R at 6–7.

In sum, King's objections [D.E. 7] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 4]. King's petition is DISMISSED without prejudice, and the court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 13 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge